UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
IN THE STRUGGLE PRODUCTIONS, LLC,    :
:
             Plaintiff,,    :
:     24-CV-02776 (JAV)
    -v-    :
:     <u>ORDER</u>
:
ROLAND COLLINS P/K/A "TROY AVE" and BSB    :
RECORDS, INC.,    :
:
           Defendants.    :
X
-------------------------------------------------------------------

JEANNETTE A. VARGAS, United States District Judge:

      On January 13, 2025, Plaintiff filed a letter motion for leave to amend the Complaint. *See* ECF No. 61. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend shall be "freely give[n] . . . when justice so requires." Defendants have not voiced any opposition to this motion; therefore, the Court will **GRANT** Plaintiff's motion for leave to amend without further notice. Plaintiffs are **ORDERED** to file the Amended Complaint by no later than **January 23, 2025**.

      Defendants are hereby **ORDERED** to file a response to the Amended Complaint within 14 days of service.

      Plaintiff requests that it be permitted to serve Defendants Roland Collins and BSB Records, Inc. via e-mail. (ECF Nos. 57 and 61). On November 25, 2024, the Clerk of the Court mailed a copy of ECF No. 54 to Defendant Collins. On December 10, 2025, the mail sent to Defendant Collins was returned to sender. Additionally, Defendants Collins and BSB Records failed to appear to the November 21, 2024 settlement conference and conference call with Judge Valerie Figueredo on January 6, 2025. (ECF No. 55).

      Under Fed. R. Civ. P. 4(e), an individual in the United States can be served in accordance with the laws of the state where the district court is located. In New York, when traditional methods of service prove to be "impracticable" service can be made "in such manner as the court, upon motion without notice, directs." (N.Y. C.P.L.R. ("CPLR") § 308(5)). A court may permit service by any other method that is "reasonably calculated, under all the circumstances, to apprise the interest party of the pendency of the action." *Sirius XM Radio, Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021) (citation omitted).

      By allowing service through alternative means, "the Court must ensure that the alternate method complies with 'constitutional due process' by being 'reasonably calculated, under the

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (internal citation omitted).

Plaintiff seeks leave to serve the Complaint via the "email address listed in Defendants' submissions in this matter." (ECF No. 57). "[S]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Id.* (quoting *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 217 (S.D.N.Y. 2021)). The Court has not identified a filing by Defendant Collins that lists an email address, however. The Court therefore **DENIES** the request to serve Defendant Collins, without prejudice to a further submission by Plaintiff setting forth the email address which they intend to use for service, as well as the grounds by which it can be concluded that such email is likely to reach the defendant (such as a Court filing made by Defendant Collins listing that as an operative email address, or evidence of prior email communications with Defendant Collins at that email address).

With respect to BSB Records, Inc., there has been no evidence that service through the authorized agent of the Secretary of State would be impracticable. Indeed, the original complaint in this action was successfully served in that manner.

Accordingly, Plaintiff's request to serve the Defendants via email is **DENIED**.

SO ORDERED.

Dated: January 16, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge