**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **IN THE STRUGGLE PRODUCTIONS LLC,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 24 CV 2776** |
| **ROLAND COLLINS P/K/A "TROY AVE"; BSB RECORDS, INC.; AND EMPIRE DISTRIBUTION, INC.** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROLAND COLLINS AND BSB RECORDS, INC.'S MOTION TO DISMISS COMPLAINT**

Defendants, Roland Collins ("TROY AVE®"), a Pro Se individual and BSB Records, Inc. submit this memorandum of law in support of their motion to dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. PRELMINARY STATEMENT

Plaintiff's spurious First Amended Complaint should be dismissed in its entirety because it fails to state a claim upon which relief can be granted. Plaintiff admittedly seeks to enforce copyright infringement claims against TROY AVE® and BSB Records in relation to the ***Light Up*** musical composition that Plaintiff did not author or create. Plaintiff has no protectable copyright interest in the ***Light Up*** musical composition and U.S. Copyright Registration No. PA-2-190-139 was improperly and fraudulent registered by the Plaintiff hereto. Additionally, Plaintiff fails to sufficiently allege facts on how Defendants TROY AVE® and BSB Records infringed and copied the ***Light Up*** musical composition since TROY AVE is a the author of the musical lyrics to the

musical composition in the derivative work *Chuck Norris* and has legal ownership in the same since the producer CITO agreed to collaborate with TROY AVE® in creating the derivative musical composition titled *Chuck Norris*, and at the time of creating the musical composition in question, CITO was not contractually signed with Plaintiff as a producer and as a result, Plaintiff's copyright claims fail as a matter of law.

As Plaintiff's copyright claims must fail, this Court lacks supplemental jurisdiction over Plaintiff's state law claims for Common Law Unfair Competition by Misappropriation, Violation of Right of Publicity under N.Y. Civil Rights Law § 50 and Unjust Enrichment.

As set forth below, Plaintiff's claims fail as a matter of law, and Defendants TROY AVE® and BSB Records, Inc. are entitled to a resolution on a Rule 12(b)(6) motion.

## II. STATEMENT OF FACTS

Plaintiff acknowledges that it is not the original author or creator of the ***Light Up*** musical composition that is the subject of this action, but Plaintiff claims ownership based on an alleged contractual relationship between Plaintiff and producer Ruben D. Sosa, Jr. professionally known as "Citoonthebeat" ("CITO"), and as admitted by Plaintiff, CITO is the true and actual author and creator of the ***Light Up*** musical composition.

As stated in the September 22, 2024, Declaration of Ruben D. Sosa, Jr. p/k/a CITO attached hereto, CITO stated in ¶ 3 "**...I am the creator and producer of the Light Up musical composition that is the subject of this action and at the time of creating such musical composition I was not under contract with Plaintiff In The Struggle Productions, LLC and in view of the same, I had no legal contractual obligations to Plaintiff for it to claim ownership of the *Light Up* musical composition.**"

In ¶ 4 of CITO's September 22, 2024, Declaration he also stated, **"Plaintiff's claim of ownership of Copyright Registration No. PA-2-190-139 is not valid and I dispute Plaintiff's claim of ownership in such musical composition as I am the true author and owner of such work."**

Defendants TROY AVE® and BSB Records mutually agreed to collaborate with CITO in making a derivative work that was recorded by Defendant TROY AVE and released by Defendant BSB Records, Inc. under the song title *Chuck Norris*.

Defendant TROY AVE®'s creation of a derivative work was done with the authorization and consent of CITO, the true and actual author and creator of the Light Up musical composition.

In view of Plaintiff's false claim of ownership in U.S. Copyright Registration No. PA-2-190-139, Plaintiff's copyright claims are not valid.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a pleading must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). By contrast, a pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## IV. ARGUMENT

In evaluating a Rule 12(b)(6) motion, the complaint's well-pleaded factual allegations, though not its legal conclusions, are treated as true. (See Estele v. Intl. Bus. Machs. Corp., 23 F 4th 210, 212-13 [2d Cir. 2022].). The court may also consider "facts alleged in the pleadings,

documents attached as exhibits or incorporated by reference in the pleadings[,] and matters of which judicial notice may be taken." (Samuels v Air Transp. Local, 504, 992 F2d 12, 15 [2d Cir 1993].)

To establish a claim of copyright infringement, a Plaintiff is required to demonstrate two elements (1) valid ownership of a registered copyright; and (2) copying constituent elements of the copyrighted work without authorization.

In the present case, Plaintiff does not have valid ownership rights in U.S. Copyright Registration No. PA-2-190-139 as evidenced from the statements in the Declaration of Ruben D. Sosa, Jr. attached hereto. In the present case, Plaintiff also cannot establish that Defendants TROY AVE® and/or BSB Records copied constituent elements of the ***Light Up*** musical composition as Plaintiff does not have ownership in such musical composition and further because CITO the true author and creator of the ***Light Up*** musical composition and Defendants TROY AVE® and BSB Records mutually agreed to create a derivative work in the *Chuck Norris* song recorded and released by Defendants TROY AVE® and BSB Records and such derivative work was done with the consent of CITO, the true owner of U.S. Copyright Registration No. PA-2-190-139.

Plaintiff does not have valid legal grounds or ownership in the copyright that is the subject of this action and as such Plaintiff's copyright claims fail and should be dismissed with prejudice.

The error in Plaintiff's copyright claim cannot be cured through amendment as Plaintiff does not have a valid claim to ownership of the Light Up musical composition and Defendants are respectfully requesting a declaratory judgment from this Court declaring that Plaintiff claim of ownership in the Light Up musical composition is null and void in view of the Declaration of

Ruben D. Sosa, Jr. p/k/a CITO, who is the true author and creator of the Light Up musical composition.

Regarding Plaintiff's trademark infringement and similar claims, Defendants TROY AVE® and BSB Records note that they do not now, nor have they ever used the Citoonthebeat name as a trademark to identify any goods or services that Defendants TROY AVE and BSB Records offer in the marketplace. Rather, any usage of the name Citoonthebeat has been as a credit to the producer which is common in the music industry and in the release and distribution of musical compositions. The Citoonthebeat name was a descriptive fair use of the name to give public credit to the producer of the musical composition, but Defendants did not use the Citoonthebeat name in a way that may cause a likelihood of confusion, particularly because CITO is the actual producer of the musical composition so any utilization if his name is and was for a descriptive and fair use purpose.

Plaintiff's state law claims must be dismissed for lack of supplemental jurisdiction. Plaintiff's tort claims for Common Law Unfair Competition, Violation of Right to Publicity, and Unjust Enrichment must be dismissed as pre-empted.

## V. CONCLUSION

For the foregoing reasons, Defendants TROY AVE and BSB Records, Inc. respectfully request that Plaintiff's Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) and grant Defendants such other and further relief that this Court deems appropriate.

Dated: February 28, 2025
New York, New York

Respectfully submitted,
Roland Collins – Pro Se

/Roland Collins/
Roland Collins
Pro Se Defendant
449 Palisades Avenue #2
Jersey City, New Jersey 07307