**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

In The Struggle, Plaintiff,

v. **Case No. 1:24-cv-02776-JAV**

Roland Collins a/k/a "Troy Ave"; et al.,
Defendants.

---------------------------------------------------------------

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

PLEASE TAKE NOTICE that Defendant Roland Collins a/k/a "Troy Ave," appearing pro se, will move this Court, before the Honorable Jeannette A, Vargas , United States District Judge for the Eastern District of New York, at a date and time designated by the Court, for an order denying Plaintiff's Motion for Partial Summary Judgment in its entirety.

This motion is based on the accompanying Memorandum of Law In Opposition, all prior pleadings and proceedings, and such additional matters as the Court may request.

Defendant Roland Collins a/k/a "Troy Ave," pro se, respectfully submits this Memorandum Of law Opposing Plaintiff's Motion for Partial Summary Judgment. Plaintiff seeks to impose legal duties that do not exist under New York entertainment-industry law, contract law, or federal summary judgment standards.

New York courts have held repeatedly that third parties cannot be bound or held liable under contracts to which they are not parties, particularly within entertainment and musical collaboration contexts.
(See Black Car & Livery Ins., Inc. v. H & W Brokerage, 28 A.D.3d 595 (2d Dep't 2006);

Leonard v. Gateway II, LLC, 68 F. App’x 189 (2d Cir. 2003)).

Additionally, disputes over artist–producer relationships frequently involve sharply conflicting testimony regarding agreements, authorship, and financial entitlements. Where such issues exist,summary judgment must be denied. (See Maye v. Phelps, 238 A.D.2d 831 (3d Dep’t 1997); Ferrante v. Am. Lung Ass’n, 90 N.Y.2d 623 (1997)).

Plaintiff’s theory fails for at least five independent legal reasons, each of which precludes summary judgement.

---------------------------------------------------

ARGUMENT 1: NO CONTRACT EXISTED BETWEEN DEFENDANT AND PLAINTIFF

---------------------------------------------------

Under well-established New York contract law, a contract requires mutual assent, offer, acceptance, consideration, and an intent to be bound. (Miller v. Schloss, 218 N.Y. 400 (1916); Kolchins v. Evolution Mkts., Inc., 31 N.Y.3d 100 (2018)).

Plaintiff offers no contract, nor any written or oral evidence of Defendant agreeing to:

• represent Plaintiff,
• collect or remit royalties to Plaintiff,
• manage Plaintiff’s producer,
• or assume any fiduciary obligations.

---------------------------------------------------

ARGUMENT 2: PLAINTIFF CANNOT ENFORCE PRODUCER “CITO’S” CONTRACT AGAINST DEFENDANT

---------------------------------------------------

Even assuming Cito once had an agreement with Plaintiff, Plaintiff must prove:

(1) the contract was active,
(2) Defendant had notice,
(3) Defendant intentionally interfered,
(4) Defendant owed a duty to Plaintiff.

None are satisfied.

Cito explicitly represented to Defendant that his contract with Plaintiff was expired, creating a triable factual dispute. Conflicts in testimony make summary judgment legally impossible. (Ferrante, supra).

---------------------------------------------------
ARGUMENT 3: NO FIDUCIARY DUTY OR DUTY TO ACCOUNT EXISTED
---------------------------------------------------
New York courts are clear that entertainment-industry collaborations do not create fiduciary duties unless one party affirmatively assumes financial control or responsibility. (EBC I, Inc. v. Goldman Sachs, 5 N.Y.3d 11 (2005); Neresian v. Early, 199 A.D.2d 152 (1st Dep't 1993)).

Defendant is an artist—not Plaintiff's agent or manager.

---------------------------------------------------
ARGUMENT 4: PLAINTIFF FAILS TO PROVE DEFENDANT WITHHELD ANY MONEY
---------------------------------------------------
To sustain claims for accounting, contract interference, or unjust enrichment, Plaintiff must prove Defendant received and wrongfully retained Plaintiff's money. No such evidence exists.

---------------------------------------------------
ARGUMENT 5: MULTIPLE MATERIAL FACTS ARE DISPUTED
---------------------------------------------------
Material factual disputes include:

- Whether Cito's contract was active because the contract was lapsed, there was never an extension of the contract presented to the Defendant.
- Whether Defendant had notice,
- Whether any duty existed,
- Whether Plaintiff had enforceable rights,
- Whether Defendant received any funds allegedly owed. At the time Cito was doing "one offs " but was not under an exclusive contract with In The Struggle, the lawyer from there copywrited the song in Citos name only. Based on these two facts I believe in the struggles case should be dismissed in its entirety.

This alone requires denial of summary judgment.

------------------------------------------------------

CONCLUSION

----------------------------------------------------

For all the foregoing reasons, Defendant respectfully requests that the Court:

(1) DENY Plaintiff's Motion for Partial Summary Judgment in its entirety;Permit this matter to proceed to discovery and trial;
(2) Grant all further relief deemed proper.

**PROPOSED ORDER**

Upon reviewing Plaintiff's Motion for Partial Summary Judgment, Defendant's Opposition, And all related filings, IT IS HEREBY ORDERED that:

Plaintiff's Motion for Partial Summary Judgment is DENIED in its entirety.

SO ORDERED.

___________________________

Honorable Jeannette A, Vargas
United States District Judge
Eastern District of New York

Dated: ____________________

________________________________

*/S/Roland Collins*

Roland Collins
1548 Union Street
Brooklyn, NY 11212
646-769-0052

TO: Justin M. Jacobson
(JMJ2022)
7 Penn Plaza, Suite #420
New York, NY 10001
(516) 220-2911
justin@jmjesq.com
*Attorney for Plaintiff In The Struggle Productions LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November 2025, a true and correct copy of the foregoing Opposition to Plaintiff's Motion for Partial Summary Judgment was served upon all parties of record via the Court's ECF system.

***/s/Roland Collins***

Roland Collins a/k/a "Troy Ave"