**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN THE STRUGGLE PRODUCTIONS LLC,

Plaintiff,

- against -

ROLAND COLLINS P/K/A "TROY AVE;" and BSB RECORDS, INC.

Defendants.

No. 24-cv-2776 (JAV)

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT ROLAND COLLINS P/K/A "TROY AVE" PURSUANT TO FED. R. CIV. P. 56(a) and L.R. 56.1**

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT**.......................................................................................... 1

**ARGUMENT** ..................................................................................................................... 3

**I. THERE ARE NO GENUINE ISSUES OF MATERIAL FACT THAT CAN DEFEAT PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**.................................. 3

A. Defendant's Response Fails to Comply with the Local Rules ……………...………..……. 3

B. Defendant Cannot Controvert Plaintiff's Evidence Regarding Plaintiff's Co-Ownership Rights in Chuck Norris…............................................................................................................... 4

C. Defendant Had Actual Knowledge And Defendant Cannot Provide A Valid Defense To Defendant's Material Misrepresentation Under 17 U.S.C. § 512(f)(2)………………………….. 9

**CONCLUSION** ................................................................................................................. 10

# TABLE OF AUTHORITIES

## CASES

*Black Car & Livery Ins., Inc. v. H&WBrokerage*, 28 A.D.3d 595, 595 (2d Dep't 2006)……..… 5

*Braun v. Client Servs. Inc.*, 14 F. Supp. 3d 391, 395 (S.D.N.Y. 2014) ………………………….. 4

*Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) ........................................................ 9

*Bryant v. S. Country Cent. Sch. Dist.*, No. 14-CV-5621, 2017 WL 1216553, at *7 (E.D.N.Y. Mar. 31, 2017) ……………………………………………………………………………….4

*Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ………………………………….4

*Capitol Records, Inc. v. MP3tunes, LLC*, 611 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2009) .......... 10

*Childress v. Taylor*, 945 F.2d 500 (2d Cir. 1991)………………………………………….…….6

*Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007) ..................................................................................6

*Ferrante v. Am. Lung Ass'n*, 90 N.Y.2d 623 (1997))…………………………………….……. 5, 7

*Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34 (S.D.N.Y. 2017) ..................................................... 10

*Kalamaras v. County of Nassau*, No. 17-CV-1068, 2019 WL 4452281, at *14 (E.D.N.Y. Sept. 16, 2019)………………………………………………………………………...…… 4

*Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1151 (9th Cir.), cert. denied, 137 S. Ct. 416 (2016) ........................................................................................................................ 10

*Manolis v. Brecher*, No. 11-CV-2750, 2014 WL 642849, at *3 (S.D.N.Y. Feb. 14, 2014) ………4

*Membler.com LLC v. Barber*, 12-CV-4941 (JS)(GRB) (E.D.N.Y. Sept. 23, 2013) ....................... 6

*Ningbo Mizhihe I&E Co. v. Does 1–200*, No. 19 Civ. 6655, 2020 WL 2086216, at *3 (S.D.N.Y. Apr. 30, 2020) ............................................................................................................. 9

*Soley v. Wasserman*, 08 Civ. 9262 (KMW) (FM), at *4 (S.D.N.Y. June 21, 2013) ....................... 6

*Thomson v. Larson*, 147 F.3d 195, 200 (2d Cir. 1998) ............................................................... 6

*Vt. Teddy Bear Co., Inc. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244, 246 (2d Cir. 2004)……. 4

## STATUTES

17 U.S.C. §201(a)............................................................................................................ 6

17 U.S.C. § 512(f), (f)(2) .......... 3

**RULES**

Local Rule 56.1 .......... 2

## PRELIMINARY STATEMENT

Plaintiff In The Struggle Productions LLC ("Plaintiff") is a music publisher and music licensing company that exclusively represents music producers and recording artists including Mr. Ruben D. Sosa, Jr. p/k/a "*Citoonthebeat*" ("Sosa") and sells, licenses, and distributes musical compositions and sound recordings including "*Chuck Norris*"/ "*Chuck Norris" (Hoes & Gangstas)*" ("Chuck Norris"). See Plaintiff's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 (the "56.1 Stat."), ¶ 1 (See ECF Dkt. No. 152, Ex. 2). Defendant Roland Collins p/k/a "Troy Ave" ("Defendant") is professional "hip-hop" artist p/k/a "*Troy Ave*." 56.1 Statement, ¶¶ 4-5. By written agreement with Empire Distribution, Inc. ("Empire") dated April 12, 2016 (the "Empire License Agreement"), Defendant exclusively licensed the copyright in Chuck Norris to Empire in exchange for an advance payment and royalties paid to Defendant without any payment to Plaintiff despite Defendant owing a fiduciary duty as a co-owner of Chuck Norris to account to Plaintiff and to keep and to provide accurate information related to the income earned from Chuck Norris to Plaintiff. 56.1 Stat., ¶¶ 9-10. To date, Defendant has received at least "$95,800.73" from the Empire License Agreement which increases daily while Plaintiff received nothing and still does not earn anything. 56.1 Stat., ¶ 9.

Defendant's Opposition to Plaintiff's Partial Summary Judgment Motion ("Opposition") does submit evidence that does not create a genuine dispute of material fact and are inadmissible and Plaintiff has met its burden while Defendant has failed to produce sufficient evidence to require a trial as the cases cited by Defendant do not apply to the current case and do support Defendant's position to defeat the arguments set forth in Plaintiff's moving papers that partial summary judgment is warranted. Instead, Defendant relies on false testimony contradicted by Plaintiff in addition to speculation and conjecture in a futile effort to establish that Plaintiff does

not possess valid co-ownership rights in Chuck Norris. In essence, Defendant's Opposition asks this Court to second guess Plaintiff's business records clearly identifying over one hundred thousand dollars in monetary advances paid by Plaintiff directly to Sosa to extend the contractual agreement in addition to business records clearly listing thousands of additional expenditures made on Sosa's behalf in reliance on the contract extension for recording studio time, music production equipment, editing software, and other costs and numerous personal inducements executed by Sosa spanning multiple years establishing written confirmation of Plaintiff's exclusive rights. All this evidence establishes Plaintiff's valid interest as the exclusive licensee of Sosa in relation to Sosa's co-ownership rights in Chuck Norris. To support these facts, in addition to uncontroverted declarations, Plaintiff submitted: (i) Plaintiff's bank records listing direct payments made to Sosa by Plaintiff (see e.g. Exhibits ("Ex.") "B" attached to the Declaration of Jose Trespalacios dated October 30, 2025 ("Tres. Decl.")); (ii) Plaintiff's bank records listing checks for payments to a recording studio on Sosa's behalf (see Tres Decl., Ex. "C"); (iii) Plaintiff's bank records listing checks for payments for legal services on Sosa's behalf (see Tres Decl., Ex. "D"); and, (iv) copies of six (6) producer agreements containing "personal inducements" signed by Sosa confirming Plaintiff's rights to Sosa's musical contributions (see Tres Decl., Ex. "E").

Defendant failed to raise any genuine issue of material fact, because Defendant failed to respond to Plaintiff's 56.1 Statement with a Rule 56.1 Response and Counter-statement which violates the requirements of Local Rule 56.1. Since Defendant's did not provide a response and/or a counter-statement to Plaintiff's Rule 56.1 Statement, Defendant failed to contravene Plaintiff's undisputed facts; instead, Defendant simply presented unsubstantiated argument and commentary in Defendant's Opposition which fails to conform to the requirements of Local Rule

56.1. As such, the material facts set forth in Plaintiff's 56.1 Statement should be deemed admitted. Defendant's Opposition largely contained argumentative characterizations unsupported by the record. Defendant also failed to submit any affirmation that presents any arguments, raises any defenses, or challenges the documents that objectively show Plaintiff's exclusive rights to Sosa's creations. While Plaintiff has submitted admissible and uncontroverted document evidence supporting the extension of Plaintiff's rights to Sosa's works in addition to substantiating the amounts wrongfully withheld by Defendant from the exclusive third-party license unilaterally issued by Defendant to Empire. Defendant also did not provide any information or evidence to dispute or to otherwise invalidate Plaintiff's claims related to Defendant's violation of 17 U.S.C. §512(f)(2) due to Defendant willfully opposing Plaintiff's "takedown" notices causing the identified work to be re-activated as no information related to Defendant's "good faith" or any "fair use" defense has been submitted. 56.1 Stat., ¶ 16. The Court should therefore grant partial summary judgment to Plaintiff and dismiss Defendant's Answer with Counterclaims.

## ARGUMENT

## I. THERE ARE NO GENUINE ISSUES OF MATERIAL FACT THAT CAN DEFEAT PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

### A. Defendant's Response Fails to Comply with the Local Rules.

Defendant failed to provide a response to Plaintiff's 56.1 Statement and as such Defendant violates Local Rule 56.1. Thus, Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment should not be considered and should be denied. Since Defendant failed to respond to Plaintiff's 56.1 Statement, Defendant failed to contravene Plaintiff's undisputed facts or to otherwise address their actual substance. Instead, Defendant did not provide any response at all. Accordingly, virtually all of the undisputed material facts set forth in Plaintiff's 56.1

Statement should be deemed admitted. See *Kalamaras v. County of Nassau*, No. 17-CV-1068, 2019 WL 4452281, at *14 (E.D.N.Y. Sept. 16, 2019) (deeming facts in defendants' 56.1 statement admitted for purposes of summary judgment motion when party "failed to submit a statement containing correspondingly numbered paragraphs responding to each numbered paragraph in . . . [a party's] Rule 56.1 [s]tatement" and so, "failed to specifically controvert" those facts) (quotation marks and alterations omitted). Moreover, Defendant failed to controvert any statement of material fact provided by Plaintiff as no evidence was submitted. See *Bryant v. S. Country Cent. Sch. Dist.*, No. 14-CV-5621, 2017 WL 1216553, at *7 (E.D.N.Y. Mar. 31, 2017) ("[T]o specifically controvert a statement of material fact, a nonmovant is required to do so with specific citation to admissible evidence."). Despite this Court extending numerous courtesies to Defendant, Defendant failed to submit a response; and, despite Defendant's "pro se status, he is not exempt[ed] . . . from compliance with relevant rules of procedural and substantive law." See *Braun v. Client Servs. Inc.*, 14 F. Supp. 3d 391, 395 (S.D.N.Y. 2014). Defendant must therefore "inform [himself] regarding procedural rules and . . . comply with them." See *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008); *Manolis v. Brecher*, No. 11-CV-2750, 2014 WL 642849, at *3 (S.D.N.Y. Feb. 14, 2014) ("[A party's] status as a pro se litigant does not relieve [them] of the duty of complying with federal and local rules" and "the special solicitude frequently afforded to pro se litigants does not excuse [a party's] failure to comply with the requirements of Local Rule 56.1."). While the "facts [that] are supported by evidence in the record, […] are accepted as true," Plaintiff must still establish "undisputed facts entitle him to a judgment as a matter of law," which Plaintiff has done. See *Vt. Teddy Bear Co., Inc. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244, 246 (2d Cir. 2004).

**B. Defendant Cannot Controvert Plaintiff's Evidence Regarding Plaintiff's Co-Ownership Rights in Chuck Norris.**

Defendant's Opposition presents no information to show that a genuine issue of material fact exists that can defeat Plaintiff's motion for partial summary judgment. In fact, Defendant has not submitted any competent evidence to support its Counterclaims and Defenses s Defendant has even admitted that jurisdiction exists over Defendant nor to support Defendant's claim that Plaintiff is not a co-owner of Chuck Norris. 56.1 Stat., ¶5. Furthermore, to distinguish from *Black Car & Livery Ins., Inc. v. H&WBrokerage* cited in Defendant's Opposition, Plaintiff's cause of action provides a sufficient "factual basis," and Plaintiff's claims are certainly not "vague and conclusory," but are instead substantiated by ample support. See *Black Car & Livery Ins., Inc. v. H&WBrokerage*, 28 A.D.3d 595, 595 (2d Dep't 2006). Furthermore, Plaintiff does not claim that a "third party" (Defendant) is "liable under contracts to which they are not parties;" instead, Plaintiff substantiated its contractual rights with third party, Sosa to alleviate any mischaracterization related to Plaintiff's standing to bring the suit at bar. Also, none of cases provided by Defendant support the contentions contained in Defendant's Opposition including as it relates to "entertainment and musical collaboration contexts," as both cited cases do not speak on these fields at all.[1] Defendant presented no evidence to contest Plaintiff's rights in Chuck Norris or to support any lack of standing to bring the suit. Neither of the cases cited in Defendant's Opposition support the assertion that "disputes over artist–producer relationships frequently involve sharply conflicting testimony regarding agreements, authorship, and financial entitlements."[2] See *Ferrante v. Am. Lung Ass'n*, 90 N.Y.2d 623 (1997)). There is also no

---

[1] Specifically, Defendant's Opposition cites to *Leonard v. Gateway II, LLC*, 68 F. App'x 189 (2d Cir. 2003) which addresses a contract dispute related to a "condominium" and also cites to *Black Car & Livery Ins., Inc. v. H&WBrokerage*, 28 A.D.3d 595, 595 (2d Dep't 2006) which addresses a dispute for a car service company. Neither of these are "entertainment and musical collaboration context"-related cases as Defendant represented.

[2] Defendant's Opposition cites to "*Maye v. Phelps, 238 A.D.2d 831 (3d Dep't 1997)*" which seems to be incorrect as this citation directs to a different case *"In the Matter of Wal-Mart Stores,*

"dispute" over "agreements, authorship, [or] financial entitlements" related to Chuck Norris as Defendant admitted, under penalty of perjury twice, that Defendant and Sosa co-created Chuck Norris. 56.1 Stat., ¶8. Since no agreement to the contrary exists, joint "authorship" and a mutual and equal "financial entitlement" in the co-owned property Chuck Norris is presumed as claimed in Plaintiff's Amended Complaint. See 17 U.S.C. §201(a); *Childress v. Taylor*, 945 F.2d 500 (2d Cir. 1991); 56.1 Stat., ¶7.

None of the "at least five independent legal reasons" mentioned in Defendant's Opposition are valid and therefore do preclude partial summary judgment. Plaintiff does not claim a "contract" exists between Plaintiff and Defendant; and instead, Plaintiff alleges its valid contract with Sosa entitles it to collect "royalties" from Chuck Norris which must be "remit[ted]" by Defendant due to Defendant's unilateral exclusive license of Chuck Norris to Empire without compensation to Plaintiff. Defendant's exclusive license imposed a "fiduciary obligation" on Defendant to account to Plaintiff as the co-owner of a copyrighted work, including a duty to keep and to provide accurate information to Plaintiff related to Defendant's exclusive licensing of the co-owned work. See *Thomson v. Larson*, 147 F.3d 195, 199 (2d Cir. 1998); *Davis v. Blige*, 505 F.3d 90, 99-101 (2d Cir. 2007); *Membler.com LLC v. Barber*, 12-CV-4941(JS)(GRB), at *22 (E.D.N.Y. Sep. 23, 2013); *Soley v. Wasserman*, 08 Civ. 9262 (KMW) (FM), at *4, 5 (S.D.N.Y. Jun. 21, 2013). Plaintiff proved it "ha[s] an agreement with Cito (Sosa)" which was "active" through the evidence submitted in support of Plaintiff's Partial Summary Judgment. Defendant was provided with "notice" through Plaintiff's numerous written correspondence to Defendant

---

*Inc., et. al. v. Campbell*." "*In the Matter of Wal-mart*" does not address "entertainment and musical collaboration contexts" and/or "entertainment or musical" matters at all despite Defendant's contentions that both cases "*Maye v. Phelps*" and "*Ferrante v. Am. Lung Ass'n*" do (which also does not). There also does not seem to be a case called "*Maye v. Phelps*."

and Defendant's counsel. 56.1 Stat., ¶14. Despite Defendant receiving written notices and despite Defendant's counsel engaging in attempted settlement discussions, Defendant continues to intentionally fail to honor Plaintiff's rights in Chuck Norris while intentionally interfering with the rights obtained by Plaintiff from Sosa by not providing Plaintiff with its owed compensation. 56.1 Stat., ¶13. Finally, "Defendant owed a duty to Plaintiff" due to Defendant's exclusive license of Chuck Norris to Empire without compensation to co-owner, Plaintiff. Plaintiff's alleged "legal reasons" are "satisfied." Defendant's Opposition alleges "Cito (Sosa) explicitly represented to Defendant that his contract with Plaintiff was expired," yet, Defendant presented no admissible or truthful evidence to support this claim while Plaintiff has presented admissible and truthful evidence to contradict this fact so there is clearly no "factual dispute" as any "conflicts in testimony" have been adequately addressed to show that no conflicts exist. This case is also distinguishable from *Ferrante* as there are no "credibility issues raised by" Defendant as Plaintiff presented substantial credible evidence and Defendant presented none. See *Ferrante v. Am. Lung Assn.*, 90 N.Y.2d 623, 631 (NY Ct. App. 1997). The cited cases do not support the fact that "entertainment industry collaborations do not create fiduciary duties unless one party affirmatively assumes financial control or responsibility" and one case does not seem to be a validly cited case.[3] In fact, no case provided by Defendant supports this contention or any contention at all; and, instead, Plaintiff has previously provided valid case law supporting the imposition of fiduciary duties on co-owners of property. Plaintiff also has never claimed

---

[3] The case *EBC I, Inc. v. Goldman Sachs*, 5 N.Y.3d 11, 16 (2005) cited in Defendant's Opposition only addresses fiduciary duties as it relates to an "underwriter" for a "initial public offering (IPO)." The case cited in Defendant's Opposition as "*Neresian v. Early, 199 A.D.2d 152 (1st Dep't 1993)*" does not seem to be an identifiable case as instead "*Sanders v. Copley, 199 A.D.2d 152, 605 N.Y.S.2d 261 (1st Dep't 1993)*" is found at this provided citation and this case (*Sanders*) also does not describe any "entertainment industry collaboration" related information.

"Defendant" is "Plaintiff's agent or manager," instead, Plaintiff alleges that Defendant, as a co-owner of Chuck Norris, unilaterally exclusively licensed Chuck Norris to a third party imposing a fiduciary obligation on Defendant to account to Plaintiff for the income Defendant received and Defendant did not. Plaintiff also sufficiently proved that Defendant "withheld" money due to Plaintiff earned from the exclusive license of Chuck Norris to Empire as a declaration from the licensee (Empire) who remitted these sums to Defendant was submitted with Plaintiff's Partial Summary Judgment Motion declaring the total sums paid to Defendant for Chuck Norris which Plaintiff is entitled to half of. 56.1 Stat., ¶44. However, despite Plaintiff demanding the sum, Defendant "received" and continues to "receive" and "wrongfully retain […] Plaintiff's money." 56.1 Stat., ¶45. The case law is clear that an "accounting" is due to Plaintiff as a co-owner and Plaintiff has not made a claim for a "contract interference or unjust enrichment" in Plaintiff's Partial Summary Judgment Motion so any discussion of these causes of action is irrelevant.

Finally, no "material factual disputes" exist as it is clear that: "Cito's (Sosa) contract was active" and validly extended until at least the end of 2023 and there is no need to present an "extension of [Sosa's] contract" to Defendant. Plaintiff validly proved the "extension of the contract." Defendant "had notice" as Defendant and Defendant's counsel received and engaged with Plaintiff's written notices related to this dispute. A "duty existed" for Defendant to account to Plaintiff for the income earned from the exclusive license issued by Defendant. Plaintiff clearly established Plaintiff's "enforceable rights," as the evidence submitted supports Plaintiff's rights while Defendant submitted no valid evidence to contradict any fact. Defendant "received" funds "owed" to Plaintiff as Plaintiff proved that Defendant received nearly $100,000.00 and provided Plaintiff with $0 despite owing Plaintiff half. There is also no evidence that "Cito (Sosa) as doing 'one offs," as all admissible evidence supports the existence and extension of "an

exclusive contract with In The Struggle (Plaintiff).” Since none of these facts are in material dispute, granting of the Partial Summary Judgment Motion is warranted and no trial is needed. Moreover, no “discovery” is permitted at this point as Defendant has failed to submit any evidence or respond to any of Plaintiff’s discovery requests and the time to do so has passed. Moreover, just as Defendant’s failure to respond to Plaintiff’s 56.1 Statement is improper, Defendant’s Opposition does not rely on any appropriate and admissible party declaration or affirmation in an effort to create genuine issues of material fact. Such improper tactics should not be rewarded. It is clear that Plaintiff possesses co-ownership rights in Chuck Norris and that Plaintiff secured them through the valid assignment from Sosa.

There is also no evidence to support Defendant’s “jurisdiction” defense and Defendant will not “come forward with specific evidence demonstrating the existence of a genuine dispute of material fact” to survive summary judgment. See *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks and citations omitted). Thus, there is no genuine issue of material fact that can defeat Plaintiff’s Partial Summary Judgment Motion. In fact, Defendant has not submitted any competent evidence to support its Counterclaims and Defenses and Defendant has even admitted that jurisdiction exists over Defendant. 56.1 Stat., ¶5.

**C. Defendant Had Actual Knowledge And Defendant Cannot Provide A Valid Defense To Defendant’s Material Misrepresentation Under 17 U.S.C. § 512(f)(2).**

Defendant had “‘actual knowledge’” that Defendant was “making a material misrepresentation” when Defendant submitted the counternotice as Defendant had received several written notices of such violations in addition to previously receiving “takedown” notices related to Chuck Norris from Plaintiff. 56.1 Stat., ¶¶ 41-42; *Ningbo Mizhihe I&E Co. v. Does 1-200*, No. 19 Civ. 6655, 2020 WL 2086216, at *3 (S.D.N.Y. Apr. 30, 2020). Defendant’s “material misrepresentation […] ‘affected [the service provider’s] response to a DMCA letter,’” as the

service provider re-activated Chuck Norris which is still up today. 56.1 Stat., ¶ 43; *Capitol Records, Inc. v. MP3tunes, LLC*, 611 F. Supp. 2d 342, 346 (S.D.N.Y. 2009); *White v. UMG Recordings, Inc.*, 2021 WL 6052106, at *2. Defendant had no "subjective good faith belief" that there was a "fair use" of Chuck Norris as Defendant had received numerous written notices acknowledged by Defendant and Defendant's previous counsel over nearly a decade stating the contrary. 56.1 Stat., ¶ 42; *Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34 (S.D.N.Y. 2017) citing *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1151 (9th Cir.), cert. denied, 137 S. Ct. 416 (2016).

## CONCLUSION

For the reasons set forth herein and in Plaintiff's principal brief, the Court should grant partial summary judgment in favor of Plaintiff and dismiss Defendants' Motion To Dismiss and Counterclaims in their entirety.

Dated: December 4, 2025

Respectfully Submitted,

By: /Justin M. Jacobson/
Justin M. Jacobson, Esq. (JJ 2022)
**JUSTIN JACOBSON LAW, P.C.**
347 Fifth Avenue, Suite #1402-115
New York, NY 10016
Tel.: (516) 220-2911
Fax: (917) 970-2028
Email: justin@jmjesq.com

*Attorney for Plaintiff*
*In The Struggle Productions LLC*